UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Exavir Binford, | Civ. No. 23-1785 (PAM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Mayor Melvin Carter; Andy Rodriguez, Saint Paul Parks & Recreation Director; and Saint Paul Parks & Recreation Management; | |
| Defendants. | |

On July 10, 2023, Magistrate Judge David T. Schultz ordered Plaintiff Exavir Binford to pay an initial partial filing fee of at least $52.40 within 21 days if he intended to prosecute this action. (Docket No. 5 (citing 28 U.S.C. § 1915(b))). The court received a payment of $53.00 from Binford on July 19, 2023. (Docket No. 9.) Due to an administrative error, however, that payment was not recorded on the docket at the time it was made. Unfortunately, because it did not appear from the docket that Binford had paid the required payment by the required deadline, this action was dismissed without prejudice for failure to prosecute. (See Docket No. 7.)

Rule 60(b)(1) of the Federal Rules of Civil Procedure permits a court to vacate a judgment where the entry of judgment is based upon mistake. Binford had not failed to prosecute this action, and only because of an administrative error—an error not in any way attributable to Binford—did it appear as though Binford had lacked diligence. Accordingly, the Court's prior order of dismissal and the judgment entered subsequently

in this matter will be vacated.  (Docket Nos. 7, 8.)

However, vacating the judgment in this matter is not entirely to Binford's benefit.  Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Id. § 1915A(b).  In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  Id. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The pleading submitted by Binford in this matter is only one page long. In that pleading, Binford alleges that Defendant Melvin Carter (the mayor of the City of St. Paul), Defendant Andy Rodriguez (the Saint Paul Parks and Recreation Director), and the St. Paul Parks and Recreation Department failed to protect him from a dangerous work environment where he was "physically assaulted, beaten, intimidated [and] threatened . . . ." (Compl. (Docket No. 1) at 1.) Binford further alleges that "[t]his incident alone has caused defimation [sic] of character, mental / emotional stress plus pain [and] suffering due to being in a hostile environment that was my workplace." (Id.)

As Magistrate Judge Schultz found, none of the allegations—even read charitably—appear to amount to a violation of federal law. (Docket No. 5.) To the extent that Binford might be attempting to seek relief for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983, the complaint does not allege how Carter or Rodriguez themselves are personally responsible for any failure to protect Binford. See Washington v. Craane, No. 18cv1464, 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (Leung, M.J.) (citing Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Nor does Binford allege the existence of an official policy or unofficial custom of illegality such that the City of Saint Paul or the Saint Paul Parks and Recreation Department could be held liable under § 1983. See Bolderson v. City of Wentzville, Mo., 840 F.3d 982, 985 (8th Cir. 2016) ("Liability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee."). And

3

Binford's allegations of lack of safety are too cursorily pleaded to establish a violation of any specific federal statute related to workplace safety. The complaint fails to state a claim on which relief may be granted under federal law.

Indeed, it is not entirely clear that Binford is even seeking relief under § 1983 or any other federal statute, as no federal cause of action is specified in the complaint. Insofar as Binford might be seeking relief under state law, however, there is no reason to believe from the pleading that the Court would have original jurisdiction over such a claim. See Fed. R. Civ. P. 8(a)(1) (requiring that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."). Nor could the Court exercise supplemental jurisdiction over any state-law claim at this procedural stage. See Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008).

This action therefore will be dismissed without prejudice in its entirety—all federal-law claims for failure to state a claim on which relief may be granted, and any state-law claims for lack of jurisdiction. Binford remains responsible for the remainder of the $350.00 statutory filing fee for this action, which must be paid in installments over time. Officials at the facility where Binford is confined will be appraised of this requirement.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The September 6, 2023, Order (Docket No. 7) is **VACATED**;

2. The September 6, 2023, Judgment (Docket No. 8) is **VACATED**;

3. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b); and

4. Plaintiff Exavir Binford must pay the unpaid balance ($297.00) of the

statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Binford is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 2, 2023            *s/ Paul Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge